O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 8:15-CV-01562 (VEB)

HERMELINDA GALVAN,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2012, Plaintiff Hermelinda Galvan applied for disability insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorney, Lawrence D. Rohlfing, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12). On June 1, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for disability insurance benefits on October 3, 2012, alleging disability beginning August 18, 2011. (T at 108-11).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On February 12, 2014, a hearing was held before ALJ Sally C. Reason. (T at 38). Plaintiff appeared with her attorney and testified. (T at 42-53). The ALJ also received testimony from Aida Worthington, a vocational expert (T at 53-55).

On February 28, 2014, the ALJ issued a written decision denying the application for benefits. (T at 17-32). The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 16.

Commissioner's final decision on August 6, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On September 29, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on February 22, 2016. (Docket No. 15). Plaintiff filed a supporting memorandum of law on March 21, 2016 (Docket No. 17); the Commissioner filed an opposing memorandum of law on June 20, 2016. (Docket No. 23).

After reviewing the pleadings, memoranda of law, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

B.    Standard of Review

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

1  It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

C.  **Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 18, 2011, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2016. (T at 18). The ALJ found that Plaintiff's neck and back strains/sprains superimposed on degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the left knee; and obesity were "severe" impairments under the Act. (Tr. 22).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 CFR § 416.967 (c). (T at 23).

The ALJ found that Plaintiff could perform her past relevant work as a hospital cleaner. (T at 28). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between August 18, 2011 (the alleged onset date) and February 28, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 29). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.  Disputed Issues**

Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed. First, she contends that the ALJ did not properly address a limitation found in the opinion of a State Agency review physician. Second, Plaintiff argues that the ALJ erred in discounting the opinion of an examining physician. Third, Plaintiff challenges the ALJ's conclusion that she

can speak, read, and write in English.  This Court will address each argument in turn.

## IV. ANALYSIS

**A.   State Agency Review Physician's Stooping Limitation**

In March of 2013, Dr. Rita Allbright, a non-examining State Agency review physician, opined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with occasional stooping and crouching. (T at 66).  The ALJ relied heavily on Dr. Allbright's assessment in making the RFC determination. (T at 27).  However, the ALJ determined that Plaintiff retained the RFC to perform a full range of medium work, with no limitation as to stooping or crouching. (T at 23).

Plaintiff contends that the ALJ erred by failing to explicitly explain why she did not accept Dr. Allbright's limitation with regard to stooping.  Plaintiff contends that this error was material because her past relevant work as a hospital housekeeper required frequent stooping.

It is true that the ALJ did not provide a specific explanation for not accepting this aspect of Dr. Allbright's opinion.  However, the Ninth Circuit has held that an ALJ is not required to use "magic words" and an ALJ's decision may be sustained where, as here, the court can draw reasonable inferences from the record to find the

decision supported by substantial evidence. *See Magallanes v. Brown*, 881 F.2d 747, 755 (9th Cir. 1989).

Here, Dr. Michael S. Wallack performed a consultative examination in March of 2013. Dr. Wallack concluded that Plaintiff had no postural limitations. (T at 177). Dr. Robert Samson performed a consultative orthopedic examination in August of 2012. Dr. Samson opined that Plaintiff should avoid lifting objects weighing more than 25 pounds, but otherwise assessed no work-related limitations. (T at 749). He found no "demonstrable evidence of cervical and/or lumbar radiculopathy" on physical examination. (T at 747). Dr. Samson believed that Plaintiff had not exerted full effort during his testing. (T at 746). Neither Dr. Wallack or Dr. Samson assessed any limitation as to stooping.

These findings, from examining physicians, provide sufficient support for the ALJ's decision not to include a stooping limitation in her RFC determination. While it would have been preferable for the ALJ to make this conclusion explicit, the ALJ clearly relied on the opinions of Dr. Wallack and Dr. Samson in formulating the RFC determination and this Court can readily reach the conclusion that these assessments constitute substantial evidence adequate to support the RFC determination. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding

that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.   Dr. Samson's Lifting Limitation**

As noted above, Dr. Robert Samson performed a consultative orthopedic examination in August of 2012.  Dr. Samson opined that Plaintiff should avoid lifting objects weighing more than 25 pounds, but otherwise assessed no work-related limitations. (T at 749).  Although the ALJ relied on Dr. Samson's assessment when formulating the RFC determination, she did not accept the 25 pound lifting restriction. (T at 27).  Plaintiff challenges this aspect of the ALJ's decision.

This Court finds no error.  As the ALJ noted, Dr. Samson did not provide any explanation or cite any clinical findings in support of the lifting limitation. The ALJ is not obliged to accept a medical opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Moreover, Dr. Wallack performed a more recent consultative examination (in March of 2013) and concluded that Plaintiff had no postural limitations. (T at 177). Dr. Allbright, the State Agency review physician, opined that Plaintiff retained the RFC to perform medium work with occasional lifting of 50 pounds and frequent lifting of 25 pounds. (T at 64).  The ALJ reasonably noted Dr. Allbright's expertise

with regard to the applicable Social Security disability standards. *See* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Lastly, it should be noted that Dr. Samson did not find Plaintiff precluded from lifting objects weighing more than 25 pounds, but rendered the more equivocal suggestion that Plaintiff "should avoid" lifting such objects. (T at 749).

Under the circumstances, this Court finds no error in the ALJ's assessment of the various medical opinions and substantial evidence supports the ALJ's conclusion that Plaintiff could perform lifting tasks consistent with the demands of medium work.

**C.   Plaintiff's Ability to Communicate in English**

Although Plaintiff testified at the administrative hearing with the assistance of an interpreter, the ALJ reviewed the record and concluded that Plaintiff could read, write, speak, and understand English. (T at 28). Plaintiff concedes that, if this conclusion is correct, the errors alleged above would be harmless. (Docket No. 17, at p. 13). In other words, even if Plaintiff is limited to lifting 25 pounds and only occasionally stooping, a finding of non-disability would be directed under Rule

202.09 of the Medical-Vocational Rules (commonly known as the "Grid" or "Grids"), provided she is "at least literate and able to communicate in English."

There is substantial evidence in the record sufficient to support the conclusion that Plaintiff is at least literate and able to communicate in English. The ALJ noted that Plaintiff became a naturalized U.S. citizen in 2000. (T at 28, 42). The naturalization process requires the applicant to demonstrate some understanding of the English language, "including an ability to read, write, and speak words in ordinary usage in the English language." 8 U.S.C. 1423 (a)(1). Moreover, in a Disability Report completed in October of 2012, Plaintiff reported that she could speak, read, and understand English. (T at 124). In January of 2013, Plaintiff completed a detailed work history report, which contained detailed questions in English, and responded, apparently in her own handwriting, with detailed answers in English. (T at 131-38). Plaintiff worked as a housekeeper in a hospital for 15 years, which indicates that she had a sufficient grasp of English to maintain employment for an extended period. (T at 126). During the administrative hearing, the ALJ observed that Plaintiff appeared to understand the questions before they were translated; Plaintiff responded "a little bit." (T at 44-45).

For the reasons set forth above, this Court finds that substantial evidence supports the ALJ's findings with regard to Plaintiff's ability to communicate in English.

In the alternative, even if the ALJ's conclusion regarding Plaintiff's ability to communicate in English was arguably in error, that error would be harmless for two reasons. First, as outlined above, the ALJ's conclusion that Plaintiff could perform the full range of medium work was supported by substantial evidence. Grid Rule 203.18 directs a finding of non-disability, without regard to the claimant's ability to communicate in English, for a claimant able to perform the full range of medium work.

Second, because the ALJ found at step four of the evaluation process that Plaintiff could perform her past relevant work as it was actually performed, Plaintiff's ability to communicate in English was arguably irrelevant.

This Court is mindful of case law noting that it is an open question as to whether an ALJ is required to consider literacy at step four of the sequential evaluation. *See Pinto v. Massanari*, 249 F.3d 840, 846 n. 5 (9th Cir. 2001); *see also* 20 C.F.R. 404.1564(b)(5) and 416.964(b)(5) ("Since the ability to speak, read and understand English is generally learned or increased at school we *may* consider this an educational factor") (emphasis added).

In sum, the step four analysis includes an assessment as to whether, in the first instance, the claimant can perform his or her past relevant work as the claimant actually performed it. Under the Regulations, questions of age and education are not part of this analysis. *See* 204 CFR § 404.1560 (b)(3). Here, because Plaintiff was able to perform her past relevant work as a hospital cleaner for 15 years, it would therefore follow that, whatever her arguable limitations might be with respect to the English language, those limitations did not prevent her from maintaining that employment for an extended period of time. This Court does not need to resolve this question, as there is substantial evidence to support the ALJ's finding with regard to Plaintiff's ability to communicate in English. However, it is noted that the ALJ's decision could arguably be affirmed for the reasons stated above even if the Plaintiff's ability to communicate in English is more limited that the ALJ believed.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical

experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 23rd day of August, 2016

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE